UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MATTHEW JOHNS,                                  )
individually and on behalf of all others        )
similarly situated.                             )
                                                )
                        Plaintiff,              )    **COMPLAINT**
                                                )    **FOR DECLARATORY**
                                                )    **RELIEF AND DAMAGES.**
            v.                                  )    **UNDER THE U.S. CONST.**
                                                **)**  **42 USC §1983**
                                                )
DAVID DO COMMISSIONER                           )
AND THE NEW YORK CITY TAXI                      )
AND LIMOUSINE COMMISSION,                       )
AND THE CITY OF NEW YORK                        )
                        Defendants.             )
--------------------------------------------------------x

Plaintiff Matthew Johns, individually and on behalf of all other similarly situated by their

attorneys Manuel Moses, of the Moses Law Office of New York PLLC and Alvin C. Gordon and

Ava M. Gordon of The Gordon Law Firm of New York LLP, as and for their complaint allege as

follows:

### NATURE OF THE ACTION

1. The New York City Taxi and Limousine Commission (TLC) enforcement division as a

   matter of policy and practice has its plain clothes TLC Peace Officers stop drivers who are

   dropping off or picking up people at John F. Kennedy International Airport and LaGuardia

   Airport.  The purpose of this stop is to create a pretext for the driver to agree to take them

   to some specified location for a fare.  This does not merely happen at airports, but upon

   information and belief, this scenario plays out all over New York City.

2. Once there is an agreement to take the purported fare to a destination, another officer in

   uniform returns serving them with a violation under § 19-505 General Provisions for the

   Licensing of Drivers and Rule 19-506 b1 and now more specifically:

**§ 19-506 [Regulations and enforcement.]**

"a.   Regulations and Enforcement. Except as provided by section 19-512.1, the commission may impose reasonable fines and/or suspend or revoke any license issued by the commission where the holder has failed to comply with or has willfully or knowingly violated any of the provisions of this chapter or a rule or regulation of the commission after adjudication of such violation by the administrative tribunal established by the commission in accordance with section 2303 of the New York city charter.

b.   1.   Except as provided in paragraph 2 of this subdivision, any person who shall permit another to operate or who shall knowingly operate or offer to operate for hire any vehicle as a taxicab, coach, wheelchair accessible van, commuter van, HAIL vehicle or for-hire vehicle in the city, without first having obtained or knowing that another has obtained a license for such vehicle pursuant to the provisions of section 19-504 of this chapter, shall be guilty of a violation, and upon conviction in the criminal court shall be punished by a fine of not less than one thousand dollars or more than two thousand dollars or imprisonment for not more than sixty days, or both such fine and imprisonment. This paragraph shall apply to the owner of such vehicle and, if different, to the operator of such vehicle."

3.   The officers making these stops do so without articulable suspicion and without reasonable suspicion and without probable cause and find violations against person(s) due to an intentional practice of baiting them.

4.   The stop by officers is a violation of the U.S. Supreme Court decision in (Terry v Ohio, 392 US 1 [1968]), and in the New York State Court of Appeals case (People v De Bour, 40 NY2d 210 [1976].)

5. The stop and concomitant actions by the TLC Officers are in violation of the **Fourth Amendment of the U.S. Constitution** which states:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

6. And a violation of the Fifth Amendment is a right against forced self-incrimination involving a crime or offense.

7. And a violation of the Sixth Amendment for a failure of defendants to produce for confrontation all necessary witnesses or accusers.

8. The stop and the concomitant actions by the TLC Officers are in violation of the **Fourteenth Amendment of the U.S. Constitution** that states:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

9. The stop and concomitant actions of the TLC Officers are in violation of **New York State Constitution §12** [Security against unreasonable searches, seizures and interceptions] §12. "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but

upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

10. The Police Department of the City of New York has established a policy and procedure that is mindful of what is a permissible stop under the U.S. Constitution. **Exhibit One Incorporated by Reference Entitled: "Investigative Encounters: Requests for Information, Common Law Right of Inquiry and Level 3 Stops."**

11. The TLC Peace Officers have no such policy and procedure as **Exhibit One.**

12. The TLC Peace Officers are following a long-established policy and procedure; pattern and practice; lack of training; improper training; and deliberate indifference of the policy makers and the TLC high level supervisors in conducting these unconstitutional stops of the public.

13. The individual officers and their supervisors and commissioners do not have qualified immunity for these actions as they are violating clearly established constitutional rights of the public who happen to be dropping off or picking up friends and family at the airport and are being stopped in violation of the law of the lands of these United States of America and the Empire State of New York.

14. The nature of these violations to hold liable the TLC and The City of New York comes under **(42 USCS § 1983) Civil action for deprivation of rights**. "Every person who, *under color of any statute, ordinance, regulation*, [emphasis supplied] custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

## JURISDICTION AND VENUE

15. This action arises under the Fourth, and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C § 1983, and under the New York State Constitution, Article 1 § 12. [Security against unreasonable searches, seizures, and interceptions] §12. "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

16. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(4), 1367, and 2201.

17. The acts complained of occurred in the Eastern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. 1391 (b).

## JURY DEMAND

18. Plaintiffs demand a trial by jury in this action.

## PARTIES

19. Plaintiff Matthew Johns is the putative class representative and resides in the Eastern District of New York, and whose deprivation of U.S. Constitutional rights by the Defendants is the same and central to the class.

20. Defendant Taxi and Limousine Commission and David Do, its commissioner, have overall responsibility for establishing and enforcing TLC policy.

21. Defendant Taxi and Limousine Commission is an agency of the City of New York charged with enforcement of the Rules and Regulations for Taxi and Limousine drivers.  It is headquartered in New York County.  The office houses most of its employees in Queens County.  The TLC is a non-mayoral agency and is insulated by the City Charter from direct control by the mayor.  The TLC is a nine-member commission, with one member acting as chairperson, who has executive responsibilities, and it is empowered by the Charter to act by a majority vote of its members.  It is governed by the City Charter and by the Administrative Code of the City of New York that was enacted by the City Council, and by the TLC Rules, enacted by a majority vote of the full TLC.

22. Defendant City of New York is a municipality of the state of New York, which includes the TLC as an administrative agency.

## CLASS ACTION ALLEGATIONS

23. Matthew Johns is the Putative Lead Class Action Member.

24. His status is representative of the class as a whole.

25. Matthew Johns is a private citizen who does not currently, and had never, driven a taxi.

26. Matthew Johns, like so many other members of the class who have been deprived of their US Constitutional Rights and other Rights as stated herein, was lawfully at the airport or other New York City venues with a lawful private purpose.

27. Matthew Johns had a full hearing, on October 19, 2022, by the Office of Administrative Trials and Hearings in which all the facts surrounding his case were presented.

28. This hearing was completely recorded and transcribed for the convenience of the Federal Court's class action review and to qualify this class action.

29. The violation against Matthew Johns was dismissed and unproven based on the same or similar facts in which numerous individuals were inappropriately and illegally stopped, questioned and summoned.  In fact, a great majority of these illegal stops occur at JFK and LaGuardia Airports making Matthew Johns the perfect representative putative class member.

30. The dismissal of the violation against Mr. Matthew Johns, clearly demonstrates that the pretext for issuing the violation was unconstitutional from the start, also making him a good representative class member.

31. Matthew Johns lives in Hempstead, Queens, and works for Altice, a cable company based in Long Island City.

32. On the morning of March 8, 2022, Mr. Johns pulled up to terminal 5 at JFK airport. He was dropping off a friend who was traveling home to Jamaica, West Indies.

33. His friend exited the car and Matthew Johns put on his directional arrow light and turned his wheel to pull away.

34. Suddenly there was an uninvited tapping on the passenger side of his window.  It was an undercover TLC Peace Officer, K. Abdurraham, conducting an undercover street hail operation.  Mr. Matthew Johns was issued a summons under Rule number 19-506(b)(1) Here now is the brief account and the OATH hearing officer's decision that is incorporated by reference into the class action allegations at **Exhibit 2, Oath Administrative Hearing Officer/Judge Long Form Decision.**

35. The incident occurred on March 8, 2022, at approximately 8:21 AM. A sworn summons issued Unlicensed Vehicle Operating for Hire.

**36.** The officer present at the scene testified that he was conducting an undercover street hail operation in which it was claimed the driver agreed to a destination to 2222 Hempstead Turnpike for a fare of $40.  The issuing officer was no longer with the agency and was not there to testify.  **Exhibit 3 Transcript of the OATH hearing that was decided in favor of Matthew Johns.**

37. The officer present at the stop testified that he was hailing and when a vehicle would pull up to him and lower the window that when he would tell the driver his destination.  He testified once a fare was agreed upon, he would signal to the other officers to effectuate a stop.

38. Matthew Johns testified he was dropping off his friend at JFK for his flight to Kingston Jamaica, when someone was tapping on his window, so he lowered the window, and this man asked him how much to take him to Hempstead Turnpike.

39. Matthew Johns did not want to drive him, and the man asked how much to get to Hempstead Turnpike.  Matthew Johns said, I do not know why you don't check with Uber, but the man gave him *a guilt provoking story* to bait him saying he could not get a lift and his wife was pregnant.

40. Matthew Johns testified that the guy asked if he would take $40 for the lift.  Matthew Johns felt sorry for the guy, but told him that he had to get to his job. Mr. Johns stated that he would take them to Fulton and Hempstead Turnpike which was 15 minutes from his home, so that he could get to work on time, but that he would not be taking any money, because

he could not take them all the way to their intended destination.   The man then said he
would get his pregnant wife, then left and did not return.

41. A female, uniformed officer then came over and said to him: "Do you know what you did."
The officer then told him to give her his credentials, and she would tell him later.  She
came back with the ticket and told Matthew Johns that he was trying to get money from
the officer.  It should be noted that this uniformed officer was nowhere near the Matthew
Johns car and did not hear the conversation with the plain clothes officer that had transpired
and yet she was the issuing officer of the violation.

42. As earlier stated, a transcript that was produced of the recording of the hearing is annexed
to this pleading and incorporated by reference as: **Exhibit 3, Transcript of Hearing.**

43. During the hearing, an email indicating the JetBlue Flight to Jamaica that Mr. Johns
obtained from his friend was provided to the hearing officer and TLC attorney.  Also
provided was proof of employment and a record of hours worked, and a copy of his
license/registration.

44. Matthew Johns testified that he never worked as a taxi driver, or Uber or vehicle for hire.

45. The OATH Hearing Officer did not find the recall and testimony of the TLC officer to be
credible.  In addition, the officer who issued the ticket was not available to testify to what
she allegedly saw and, it should be noted, nor could she have heard the conversation.

46. Quoting the Hearing Officer: "As such there was no clear credible testimony or evidence
as to what exchange took place on the date of the stop to establish the respondent "agreed"
to a fare of $40 when the testifying officer was not able to recall the respondent or what
was said during the interaction with the respondent. Further the respondent was credible
and forthcoming in his testimony that while he was willing to take the guy and his pregnant

wife to the intersection to help them, he was not willing to take any money for the ride as he was on his way home and he needed to get to work. Based on the foregoing, the court finds there was no clear credible evidence for any unlicensed for hire activity and the summons is dismissed."


## THE BASIS FOR CLASS ACTION CERTIFICATION

47. Class Action Certification should be granted under Rule 23 FRCP for Class Actions because:

**"(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

**(1)** the class is so numerous that joinder of all members is impracticable;"

Our law firm completed a Freedom of Information Law request to obtain a list of the persons who were issued a summons under Rule number 19-506(b)(1) as was Matthew Johns the putative lead class member.  The class is so extensive as to be impracticable to be sued as individuals one at a time.  **Exhibit 4 FOIL Response List of Potential Class Members.  See also the public document from the annual report of the TLC showing the number of violations for unlicensed taxi drivers.**

**"(2)** there are questions of law or fact common to the class; **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class;" and

The common questions of law is related to an issued summons under Rule number 19-506(b)(1).  The facts of Matthew Johns are an excellent representative sample of the class members because, he was deprived of his constitutional rights under a pattern and practice of stopping people indiscriminately who were in cars and were not hailing a prospective

fare, and were merely dropping people off at the airport.  That created a whole sequence of events allowing a pretext for improper charges against the proposed class.   Moreover, Mr. Johns' case was *dismissed.*  **"(4)** the representative parties will fairly and adequately protect the interests of the class." Matthew Johns has promised to take an active role in this litigation as a lead class member.  Matthew Johns is a stable, competent credible person, with a long work history and no record of any criminal conduct.  And his testimony is fully preserved at the prior proceeding with OATH that is now part of the record.

48. Counsels of the two law firms Moses Law Office of New York PLLC and The Gordon Law Firm of New York LLP both have extensive litigation experience including State and Federal trials; multi-state Federal Litigation; extensive litigation on 42 USC §1983 up to the Second Circuit; admission to the Eastern and Southern District of New York; the Second Circuit; the US Supreme Court and both firms have been practicing law for decades and can commit the financial resources required to litigate this matter to its conclusion.

**FIRST CLAIM FOR RELIEF:** The Deprivation of the Rights of a Class under the following laws: 42 USCS § 1983; Fourteenth Amendment of the U.S. Constitution; Fourth Amendment of the U.S. Constitution; New York State Constitution §12; and New York State Common Law.

49. Plaintiffs repeat and reallege paragraphs 1-48, as if the same were fully set forth at length herein.

50. The TLC Officers, Supervisors, Policy Makers and Commissioners, acting under color of state law have a pattern and practice of hailing ordinary citizens that violates the constitutional rights of drivers simply coming and going from the airport and in and around New York City.  Matthew Johns is an excellent representative example of this routine

pattern and practice by which the TLC instigates and stops ordinary drivers without any valid reason whatsoever and is a deprivation of their U.S. Constitutional rights and N.Y.S. Constitutional rights that are common to them all.

51.  The TLC Officers, Supervisors, Policy Makers and Commissioners, acting under color of state law are guided by a TLC policy, created by policy makers, of hailing ordinary citizens which violates the U.S. Constitutional rights and N.Y.S. Constitutional rights of drivers simply coming and going from the airport or in and around New York City.  Matthew Johns is an excellent representative example of this routine pattern and practice by which the TLC instigates and stops ordinary drivers without any reason whatsoever and is a deprivation of their constitutional rights that are common to them all.

52. The TLC Officers, acting under color of state law, have highly ranked supervisors and policy makers who are fully aware and deliberately indifferent to the actions of the TLC Peace Officers [Enforcement Division] of hailing ordinary citizens.  The officers are aware that such action violates the U.S. Constitutional rights and N.Y.S. Constitutional rights of drivers simply coming and going from the airport.

53. The TLC Officers, acting under color of state law, have ranked and highly ranked supervisors and policy makers who have failed to supervise and train the TLC Peace Officers in what would constitute a proper enforcement of the law. These TLC Officers and instead condone the TLC Peace Officers' actions, through improper training and reinforcement of the TLC Peace Officers' actions.  These TLC Officers are fully aware of the actions of the TLC Peace Officers, and more specifically, of hailing ordinary citizens in violation of the U.S. Constitutional rights and N.Y.S. Constitutional rights of drivers simply coming and going from the airport or in and around New York City.

54. In general, the TLC Officers acting under color of state law, and their supervisors and highly ranked supervisors, policy makers, academy trainers, the commissioners of the TLC are responsible for and, in violation of, "(42 USCS § 1983) Civil action for deprivation of rights;" "Fourteenth Amendment of the U.S. Constitution;" "Fourth Amendment of the U.S. Constitution;" and "New York State Constitution §12;" and New York State Common Law.

**SECOND CLAIM FOR RELIEF**: Pecuniary Damages and the Improper Levy and Collection of Fines under the Eighth Amendment of the United States Constitution and New York State Constitution Article 1, Section 5.

55. Plaintiffs repeat and reallege paragraphs 1-54 as if the same were fully set forth at length herein.

56. "The Eighth Amendment of the United States Constitution and the New York State Constitution, Article I, Section 5 [**5] forbid the imposition of excessive fines. Where a civil fine 'serves, at least in part, deterrent and retributive purposes,' it is considered punitive and is subject to the Excessive Fines Clause of the Eight Amendment." (Matter of Ruiz v City of NY, 42 Misc 3d 1233[A], 2014 NY Slip Op 50321[U] [Sup Ct, NY County 2014])

57. Every person in this class who was ticketed and ultimately fined under circumstances that violated their fundamental liberty rights, where they were found guilty; every fine levied; every fine collected; and all judgments entered after a hearing, or on default was and are void ab initio.

58. These fines were unconstitutional and constituted punishmen,t <u>and were significant in their amount</u> and effect to every member of the class who paid a fine or had a judgment entered against them.

59. Every person in this class who was ticketed and ultimately fined under circumstances that violated their fundamental liberty rights are entitled to expungement and reimbursement with statutory interest as having suffered pecuniary damages.

**THIRD CLAIM FOR RELIEF:** Malicious Prosecution.

60. Plaintiffs repeat and reallege paragraphs 1-59 as if the same were fully set forth at length herein.

61. The actions of the TLC officers were reckless and callous.  They were fully aware that their actions were with unclean hands. The court should not as a matter of ethics and strong public policy permit the use and abuse of the OATH (Office of Administrative Trials and Hearings), to be used for an improper purpose to gain revenue for the City of New York under pressure, improper training and lack of constitutional policy and procedures from the TLC management.

62. The actions of the TLC, its Officers, and the City of New York permitted the consequential and significant damages experienced by the class members in being mandated to attend the OATH Hearings and or either pay the significant fine out of inconvenience with significant dismay, anger, and indignation.

**FOURTH CLAIM FOR RELIEF:** The Intentional and Negligent Infliction of Emotional Distress and Guilt as a Motivator to Bait the Performance an Illegal Act for which person(s) are then fined.

63. Plaintiffs repeat and reallege paragraphs 1-62 as if the same were fully set forth at length herein.

64. The case of Matthew Johns is like the numerous others, where an officer without any articulable suspicion or justification stops a party plaintiff and guilt provokes them with a sense of emergency and manufactured crisis to get them to give them a ride for payment. Simply put they are baited and consequently issued a summons involving a large fine.

65. In none of these circumstances did any of the class members approach the TLC Officer(s). The TLC Officers always initiated the stop without probable cause.

66. The officer's deception was the guilt provocation. But the intentional and negligent infliction of emotional distress was created by issuing the actual ticket and significant fine associated with the alleged offense and the deprivation of the peace and liberty of these persons under the inalienable and afforded rights of the Constitutions and laws of the State of New York.

67. These actions are indicative of spite, malice, or evil motive to meet a ticket quota regardless of the affect or effect to the person and lending to punitive damages.

**FIFTH CLAIM FOR RELIEF**: Punitive Damages.

68. Plaintiffs repeat and reallege paragraphs 1-67, as if the same were fully set forth at length herein.

69. Due to the nature of the torts, and civil wrongs committed against many people for a prolonged period of time and with the knowledge of the TLC Commissioners and who are now sued in their individual capacities, and based on all the foregoing Plaintiff(s) state a claim for punitive damages.

**THE PROPOSED CLASS STRUCTURE:**

70. Plaintiffs repeat and reallege paragraphs 1-69, as if the same were fully set forth at length herein.

71. Plaintiff Matthew Johns is a good representative lead class member of this class because his case is well documented on the record.  A decision was rendered in his favor.  The TLC Officer during his testimony recorded various admissions that demonstrated the violation of the enumerated rights and privileges in the Constitutions which he/they violated, and his testimony provides a wide-angle establishing view of the unconstitutional policie and procedures of the acts of the TLC Officers under the control of the TLC Commissioners.

72. The class member categories are as follows;

73. In the broadest sense: all persons who were ticketed in the five boroughs of New York City, typically at JFK and LaGuardia airports, for the violations under § 19-505 General Provisions for the Licensing of Drivers and Rule 19-506 in the last three years from the date of filing of this lawsuit.

74. All persons who were ticketed in the five boroughs of New York City, typically JFK and LaGuardia airports, for the violations under § 19-505 General Provisions for the Licensing of Drivers and Rule 19-506 in the last three years from the date of filing of this lawsuit who attended an OATH Hearing and had their ticket dismissed.

75. All persons who were ticketed in the five boroughs of New York City, and typically at JFK and LaGuardia airports, for the violations under § 19-505 General Provisions for the Licensing of Drivers and Rule 19-506 in the last three years from the date of filing of this lawsuit who attended an OATH Hearing and were found guilty and paid a fine.

76.  All persons who were ticketed in the five boroughs of New York City, and typically at JFK and LaGuardia airports, for the violations under § 19-505 General Provisions for the

Licensing of Drivers and Rule 19-506 in the last three years from the date of filing of this lawsuit who attended an OATH Hearing had a judgment docketed against them.

77. All persons who were ticketed in the five boroughs of New York City, and typically at JFK and LaGuardia airports, for the violations under § 19-505 General Provisions for the Licensing of Drivers and Rule 19-506 in the last three years from the date of filing of this lawsuit who scheduled an OATH Hearing and were held in default and had a judgment docketed against them.

78. All persons who were ticketed in the five boroughs of New York City, and typically at JFK and LaGuardia airports, for the violations under § 19-505 General Provisions for the Licensing of Drivers and Rule 19-506 in the last three years from the date of filing of this lawsuit and simply paid the fine.

79. Annexed hereto see the production by OATH by and through the Freedom of Information Law request indicating the large number of the proposed class and excerpts from the TLC Annual Reports. **Exhibit 2**

**RELIEF REQUESTED:**

**IN CONCLUSION AND WHEREFORE**: plaintiffs ask this Court:

A. To enter an order certifying this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) for the plaintiffs' class described herein and naming plaintiff Matthew Johns as the putative class representative. The local tolling provisions would apply allowing the action to include all class members going back three years from the date of filing and ongoing until judgment or equitable relief for the class members is determined.

B.  To enter judgment declaring that defendants' policies, practices, and customs, or lack thereof is a violation of the rights, duties, liberties, and privileges, of the class members.

C.  To enter judgment declaring that the defendants' high-level supervisors are and were deliberately indifferent to the policy and procedures of the TLC resulting in the deprivation of rights articulated herein.

D.  To enter judgment declaring that the TLC lacked the necessary and requisite training of their enforcement agents, and supervisors that resulted in the deprivation of rights of the enumerated class named herein.

E.  To enter judgment that, based on the lack of policy, training, and the deliberate indifference, and length of time this has been going on, it can be concluded that a very large class of persons were improperly stopped in a baited manner without justification of proximate cause or articulable suspicion or any probable cause that a violation has been committed.

F.  To award the class compensatory, pecuniary, and punitive damages against the named individuals, (not the municipality) to the class and to be determined at trial or inquest or pursuant to a "so-ordered" settlement.

G.  To award the named plaintiff and members of the class an amount of money damages by dispositive motion, award or so ordered settlement.

H.  To award a percentage of the total class action award or settlement to the Moses Law Office of New York PLLC and the Gordon Law Firm of New York, LLP, to be determined by motion to the court.

I.   In addition to a percentage stated in letter "H." above, an award of reasonable hourly attorney fees which is permissible under 42 USC §1983 for the nature of the civilly minded work performed and the disbursements and expenses.

J.   To enjoin the defendants from continuing their behavior, methods, and means of carrying out these policies, customs, and practices to enforce the law, and to establish a protocol, policy, training, and procedure to insure that these violations do not occur in the future.

K.   To find that the members of the class were baited, psychologically coerced and/or guilt provoked, all under false pretenses while their constitutional rights and general rights were violated.

L.   To grant such other and further relief as this Court shall find just, fair, and proper.

M.   Dated: New York, New York

       May 8, 2023

*Manuel Moses*
_____
Manuel Moses, Esquire
Moses Law Office of New York PLLC
236 West 26th Street Suite 303
New York, New York 10001
(212) 736-2624 x11
(212) 981-0528 F.
manuelmoses@icloud.com

Alvin Gordon, Esq.
Ava Gordon, Esq.
The Gordon Law Firm of New York LLP
236 West 26th Street Suite 303
New York, New York 10001
(212) 766-2200
(718) 815-1515
Alvincgordon.esq@gmail.com
avagordon@glfny.com

## VERIFICATION BY ATTORNEY

Manuel Moses, Esq. of the Moses Law Office of New York PLLC the attorney for Matthew Johns hereby affirms under penalties of perjury that I have reviewed the complaint to certify the class action as has Matthew Johns and the facts surrounding the dismissal of the charges, and I am the one who is making this verification as my office is located in New York County and Matthew Johns resides in Nassau County.  And the statements in the complaint are true.  If at any time it is stated upon information and belief my statements in this regard and per my verification in general are based on the records in my office in relation to the matter.

*Manuel Moses*
_____
Manuel Moses, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | |
|---|---|
| MATTHEW JOHNS,<br>individually and on behalf of all others<br>similarly situated. | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID DO COMMISSIONER<br>AND THE NEW YORK CITY TAXI<br>AND LIMOUSINE COMMISSION,<br>AND THE CITY OF NEW YORK<br>Defendants. | ) |

**COMPLAINT**
**FOR DECLARATORY**
**RELIEF AND DAMAGES.**
**UNDER THE U.S. CONST.**
**42 USC §1983**

-----------------------------------------------------------x

Manuel Moses, Esq.                          Alvin Gordon, Esq.
Moses Law Office of New York PLLC    The Gordon Law Firm of New York PLLC
236 West 26th Street Suite 303           236 West 26th Street Suite 303
New York, New York 10001               New York, New York 10001
(212) 736-2624 x11                          (718) 815-1515

## VERIFIED COMPLAINT TO CERTIFY A CLASS ACTION
## AND FOR DELARATORY RELIEF AND DAMAGES

Pursuant to 22 NYCRR 130 -1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: May 8, 2023                    Signature: *Manuel Moses*

**Print Signer's Name: Manuel Moses**

**Service of a copy of the within is hereby admitted**

Dated:                                          Print Signer's Name:

_____

PLEASE TAKE NOTICE

that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on
that the Order of which is a true copy will be presented to the Hon.           ,  one  of  the
judges of the within named Court.