

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**KERRI A. DEVINE**
phone: (212)356-2214
cell: (646)629-3118
fax: (212)356-2019
email: kdevine@law.nyc.gov

September 7, 2023

**By ECF**
Honorable Diane Gujarati
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Johns v. David Do, et al.</u>,
           23 CV 3497

Your Honor:

      We are Assistant Corporation Counsels in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants[1] in the above-referenced matter. Defendants write in accordance with § III(A) of Your Honor's Individual Practice Rules to request a pre-motion conference with respect to Defendants' anticipated motion to dismiss the Amended Complaint[2] ("Am. Compl.") pursuant to Fed. R. Civ. P. 12(b)(6).

      The causes of action in the Amended Complaint are entirely premised on the issuance of one summons to Plaintiff Johns and one summons issued to Plaintiff Bowen (the "Subject Summonses") for violating New York City Administrative Code ("Admin. Code") § 19-506(b), which prohibits individuals from knowingly operating or offering to operate a vehicle for hire without having a license to do so ("Street Hail Law").[3] The summons issued to Plaintiff Johns was adjudicated civilly at the New York City Office of Administrative Trials and Hearings

---

[1] Though not so indicated in the caption or in the description of the parties, ¶ 87 of the Amended Complaint states that unnamed "TLC Commissioners … are now sued in their individual capacities." The only individual commissioner named in the Amended Complaint is David Do; however, there are no specific allegations with respect to him. Moreover, it does not appear that any of the individual commissioners have been served with the Amended Complaint.

[2] The Amended Complaint is incorrectly titled "Supplemental Complaint."

[3] Bowen indicates that she picked up a passenger in Connecticut using Lyft, but she does not plead that she was licensed by TLC to make pickups in the City. <u>See</u> Am. Compl. ¶ 48.

("OATH") and dismissed. Am. Compl. ¶¶ 43–46. The summons issued to Plaintiff Bowen is pending a hearing at OATH. Am. Compl. ¶ 59.[4]

Plaintiffs' federal claims must be dismissed. To start, since no fines have been imposed on either plaintiff as a result of the Subject Summonses, Plaintiffs have failed to sufficiently allege an Eighth Amendment violation and lack standing to assert one with respect to fines imposed pursuant to Admin. Code § 19-506(b)(1). See Brown v. Volpe, No. 15 Civ. 9004, 2017 U.S. Dist. LEXIS 35889, at *12 (S.D.N.Y. Mar. 13, 2017) ("Eighth Amendment concerns are implicated only after there has been an adjudication of guilt." (citations omitted)); see also Lepper v. Babylon, No. 18 CV 7001, 2022 U.S. Dist. LEXIS 57406, at *69 (E.D.N.Y. Mar. 29, 2022), aff'd sub nom. Lepper v. Scordino, No. 22-1064, 2023 U.S. App. LEXIS 14867 (2d Cir. June 15, 2023) (addressing ripeness of Eighth Amendment claims).

Plaintiffs also fail to plead that either plaintiff was subject to an unreasonable search or seizure pursuant to the Fourth Amendment of the federal Constitution and art. 1 § 12 of the New York Constitution, which is analogous to the federal right. See People v. Johnson, 488 N.E.2d 439, 445 (N.Y. 1985). To comply with the Fourth Amendment, an officer must have reasonable suspicion to detain an individual for questioning. See United States v. Colon, 250 F.3d 130, 134 (2d Cir. 2001) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). In the context of traffic stops, an officer need only be able to "articulate credible facts establishing reasonable cause to believe that someone has violated a law." See People v. Guthrie, 30 N.E.3d 880, 883 (N.Y. 2015). "[T]he determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior." Illinois v. Wardlow, 528 U.S. 119, 125 (2000).

The two stops by the TLC officers at issue here were reasonable. Johns states that an undercover TLC officer asked if he would accept $40 "to get to Hempstead Turnpike." Johns admits that he agreed to take the undercover TLC officer to "to Fulton and Hempstead Turnpike." See Am. Compl. ¶ 38–40. He claims that since he could not drive the whole way to the requested destination, he would not accept any money. See id. ¶ 40. According to Johns, the undercover officer walked away and then a different TLC officer approached him and issued the summons. See id. ¶ 40–41. Even accepting the facts alleged as true, the officers had articulable, credible facts to reasonably believe that Johns violated the Street Hail Law by knowingly operating or offering to operate a vehicle for hire without having a license to do so. The officers had sufficient "collective or imputed knowledge" to make a lawful stop. See Colon, 250 F.3d at 135. In light of their experience, see Terry, 392 U.S. at 27, they could articulate credible facts clearing the low bar of reasonable suspicion: that Johns rolled down his window to speak to an approaching individual, engaged in a negotiation about price and destination, and then agreed to drive the individual.

Similarly, even pursuant to the facts as alleged in the Amended Complaint, there was reasonable suspicion for the TLC officer to stop Bowen. Bowen does not allege that she at any time refused to give the TLC undercover officer a ride for a fee in response to his queries. Rather, she states that 1) she was operating her vehicle as a Lyft driver, 2) she dropped off a passenger at the airport terminal, 3) she started to drive away but then decided to speak to someone who approached her car, 4) she said yes when asked if she was driving to Connecticut, 5) when

---

[4] The Amended Complaint makes numerous passing references to vague claims that are never developed. Among other unsupported allegations, the Complaint references the Fifth Amendment, Sixth Amendment, the federal Commerce Clause, and a state law barring pedestrians (*but not* officers enforcing the law) from standing in a roadway. Am. Compl. at ¶¶ 6–7, 63, 71. To the extent Plaintiffs assert such claims, they should be dismissed for failure to state a claim. The Amended Complaint also does not sufficiently plead a claim against the City pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978).

2

asked if she would drive the individual to Hartford, she said she was not going to Hartford, 6) when asked about the closest Metro-North station, she responded that there was one in Yonkers, and 7) when asked the usual price for a trip to Yonkers, she estimated that Lyft usually charged $45. See Am. Compl. ¶ 48–53. Based on these allegations, Bowen has not sufficiently pleaded a Fourth Amendment violation, i.e., that the officers lacked reasonable suspicion "based on commonsense judgments and inferences about human behavior" that she violated the Street Hail Law by knowingly operating or offering to operate a vehicle for hire without having a license to do so. See Wardlow, 528 U.S. at 125. Therefore, Plaintiffs have failed to sufficiently allege an unreasonable search or seizure claim pursuant to the federal or state constitutions.

Additionally, Plaintiffs' state and federal malicious-prosecution claims should be dismissed for failing to state a claim. The elements of a malicious-prosecution claim under New York law are "(1) the initiation of an action by the defendant against the plaintiff, (2) begun with malice, (3) without probable cause to believe it can succeed, (4) that ends in failure or, in other words, terminates in favor of the plaintiff." Cornejo v. Bell, 592 F.3d 121, 129 (2d Cir. 2010) (citation omitted); see also Barnes v. City of New York, 68 F.4th 123, 128 (2d Cir. 2023). When an underlying prosecution is civil, state law also requires the element of "special injury," i.e., "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit." See Engel v. CBS, Inc., 711 N.E.2d 626, 631 (N.Y. 1999). In a § 1983 claim of malicious prosecution, plaintiffs must satisfy those same state-law elements as well as demonstrating a violation of the Fourth Amendment. See Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004) (Sotomayor, J.).

The malicious-prosecution claims should be dismissed because Plaintiffs do not plead that the administrative proceedings were begun with malice or without probable cause to believe it could succeed. See Cornejo, 592 F.3d at 129. Plaintiffs' allegation that TLC officers were "reckless and callous," see Am. Compl. ¶ 80, is insufficient without more. See Watson v. United States, 865 F.3d 123, 134 (2d Cir. 2017) (citation omitted). Nor have Plaintiffs pled that probable cause was lacking. The decision by an OATH hearing officer to not sustain Johns' summons is not proof that there was no probable cause to initiate the action; indeed, the issuing officer was not even available to testify at the hearing. See Am. Compl. ¶ 45. "Probable cause to institute civil proceedings requires no more than a 'reasonable belief that there is a chance that [a] claim may be held valid upon adjudication.'" See Pro. Real Est. Invs., Inc. v. Columbia Pictures Industries, 508 U.S. 49, 62–63 (1993) (alteration in original) (citation omitted)).

Regarding the federal § 1983 claim of malicious prosecution, an additional reason for dismissal is that, as explained above, Plaintiffs failed to plead a Fourth Amendment violation. As to the state-law claim, Plaintiffs also identify no cognizable "special injury," which is another factor that dooms that claim. The Amended Complaint's only alleged damages stemming from the supposed malicious prosecution were "being mandated to attend the OATH Hearings and/or to pay the significant fine to avoid inconvenience, and to suffer significant dismay, anger, and indignation." See Am. Compl. ¶ 81. But Plaintiffs have not actually paid any fine, and only Johns appeared at an OATH hearing—which was no more harmful than the normal "physical, psychological or financial demands of defending a lawsuit." See Engel, 711 N.E.2d at 631.[5]

Thank you for your consideration in this matter.

---

[5] As Johns did not serve the City with a notice of claim within ninety days of accrual, he is barred from a state-law malicious prosecution claim anyway. See Admin. Code § 7-201(a); New York Gen. Mun. Law § 50-e.

        Respectfully submitted,

        *Kerri A. Devine* /s/
        *Seth A. Motel* /s/

        Kerri A. Devine
        Seth Motel
        Assistant Corporation Counsels

cc:     **By ECF**
        Plaintiffs' counsel of record